(No. 13472.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR BENEDICTO RAYMOND *et al.* Plaintiffs in Error.

*Opinion filed February 15, 1921—Rehearing denied April 7, 1921.*

1. CRIMINAL LAW—*acts and declarations of defendants prior to alleged conspiracy are admissible.* In a prosecution for conspiracy it is proper to show that the conspiracy had been formed at any time within eighteen months before the indictment was returned, and where officers of a trades union are charged with conspiring to destroy business buildings during a strike, evidence of the acts and declarations of the defendants a few weeks before the strike and before the alleged date of the conspiracy, showing that they intended to resort to violence if the union's terms were not accepted, is admissible. (*People* v. *Blumenberg,* 271 Ill. 180, distinguished.)

2. SAME—*when error in rulings will not justify a reversal of judgment of conviction.* Error in the rulings on the evidence or in the giving and refusing of instructions or in the conduct of the

court or State's attorney will not justify a reversal of a judgment of conviction where the competent testimony abundantly warrants the verdict, which has been approved by the Appellate Court, and where it does not appear that the defendants were prejudiced by such rulings. (*People* v. *Cleminson,* 250 Ill. 135, followed.)

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

CRUICE & LANGILLE, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, EDWIN J. RABER, and GROVER C. NIEMEYER, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Arthur Benedicto Raymond and Raymond Harrison Williams were tried in the criminal court of Cook county under an indictment charging them and others with conspiracy to injure and destroy buildings occupied by persons who were conducting barber shops in them. Others were indicted with them, including Joseph Freiheit, Edward Burlap, Nick Tesch, Charles Holmes and Jacob Donnawell. The indictment was *nolle prossed* as to Donnawell and Holmes. Burlap, another defendant, was never arrested. Only Raymond and Williams were put on trial. Freiheit and Tesch were used as witnesses for the prosecution. Raymond and Williams were found guilty and sentenced to two years' imprisonment in the penitentiary. The Appellate Court for the First District affirmed the judgment, and defendants have brought the record to this court for review by writ of error.

A large number of errors are alleged to have been committed by the trial court in the admission and rejection of evidence; also that the court erred in giving and refusing

instructions; that the defendants were prejudiced by hostile conduct and improper remarks by the court and the State's attorney during the trial.

Raymond and Williams were, respectively, president and secretary of the Journeymen Barbers' Union. Another organization of men engaged in the barber business was the Master Barbers' Union. The Journeymen Barbers' Union had written agreements with the individual master barbers or bosses relating to hours and working conditions in barber shops. Those contracts expired April 30, 1918. In February and March previous the officers of the Journeymen Barbers' Union took up with the officers of the Master Barbers' Union the question of a new agreement. Some time during the month of March the Journeymen Barbers' Union proposed a new contract materially different from the existing contract. Several meetings between members or representatives of the two organizations were held but they failed to agree on the proposed new contract, and on May 1, 1918, the members of the Journeymen Barbers' Union went out on a strike. The defendants who are plaintiffs in error here were active in trying to secure the acceptance by the master barbers of the contract or agreement proposed by the Journeymen Barbers' Union. There was evidence that, pending the negotiations between the two organizations, some statements of a threatening character were made by defendants to induce the acceptance of the agreement by the master barbers. They declined to accept it, however, and immediately on the strike being called by defendants' organization a campaign of smashing windows of barber shops began. Bricks and "stink bombs" were thrown through the plate glass windows of about one hundred and fifty shops. Attacks were of almost nightly occurrence for about a month and the shops thus attacked were located in various sections of the city. Tesch and Donnawell were arrested first. They were in the act of placing a bomb at a barber shop. They made confessions.

Neither of them was a barber but they said they were employed by Freiheit, whose arrest followed next day. He was a barber and also confessed, and testified he was employed and paid by Raymond and Williams so much per window for each window smashed, and that they gave him the location of the shops to attack. He secured assistance in carrying out the work, which was done by throwing the missiles from an automobile they had procured, while driving by the shops late at night. These depredations ceased when the arrests were made.

It is argued in defendants' brief that the Appellate Court erred in not holding that the verdict was contrary to the evidence. The trial was lengthy and the testimony quite voluminous. As abstracted it covers four hundred pages. The Appellate Court in its opinion gives a rather exhaustive review of it, and we do not deem it necessary to set it out and discuss it here. To again set out the evidence here would be a substantial repetition of the Appellate Court's statement of it. Our conclusion from the testimony is that the competent testimony abundantly warranted the verdict, and if no prejudicial error was committed on the trial there is no justifiable reason for reversing the judgment. It would be remarkable in such a trial as this was, where such a large number of witnesses testified, if all the court's rulings on the admission of testimony were exactly and technically correct. The language of the court on page 372 of *Ritzman* v. *People,* 110 Ill. 362, is pertinent here. We have examined the complaints made and are satisfied the errors, if any, in this respect were so trivial in character that they did not prejudice defendants. We will refer to one complaint upon this branch of the case. Certain acts and declarations of defendants before May 1, 1918, and after the arrest of Tesch and Freiheit, were proved, and it is claimed on the authority of *People* v. *Blumenberg,* 271 Ill. 180, this was incompetent, as being before the beginning of the conspiracy and after its termination. The

indictment charges the conspiracy was entered into May 18, 1918, but, of course, that was not controlling. It was proper to show the conspiracy had been formed at any time within eighteen months before the indictment was returned. It is contended the evidence shows that whatever conspiracy was proven was entered into early in May. The evidence of acts and declarations prior to May 1, when the Journeymen Barbers' Union went out on a strike and the work of smashing windows began, tends to show that defendants contemplated resort to violence and trouble if their terms were not accepted. It was not necessary that it be shown just what the character of the acts they proposed or had in view would be. If they intended by acts of violence and damage to force an agreement to their terms the evidence was competent. The decision in *People* v. *Blumenberg, supra,* is not in conflict with this view. That case held the essence of the offense of conspiracy was the unlawful combination or agreement to accomplish an unlawful purpose, and it seems clear the evidence was competent as tending to show a conspiracy or agreement to accomplish defendants' purpose by criminal and unlawful acts.

Defendants have in their brief set out numerous excerpts from the testimony of witnesses, also remarks of the court in his rulings and remarks of the State's attorney during the trial and in argument to the jury. Substantially all of them are referred to and discussed in the Appellate Court's opinion. Without re-stating them, it is sufficient to say we agree with the conclusion of the Appellate Court that there was no error so prejudicial, either in the rulings on the evidence or in giving and refusing instructions or in the conduct of the court or State's attorney, as to justify a reversal of the judgment. The rule announced in *People* v. *Cleminson,* 250 Ill. 135, and *People* v. *Halpin,* 276 id. 363, is applicable to this case.

The judgment is affirmed.                *Judgment affirmed.*