*Judgment reversed.*

---

(No. 15404.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GRACE SLATTERY, Plaintiff in Error.

*Opinion filed April 14, 1924.*

1. CRIMINAL LAW—*when indictment for embezzlement and larceny will support verdict.* An indictment for embezzlement and larceny under sections 74, 75, 82 and 167 of the Criminal Code will support a verdict finding the defendant guilty of larceny in the absence of a motion to quash, where it charges the embezzlement of moneys, checks, orders for money and states the value thereof, and further charges that by reason thereof the defendant is guilty of larceny.

2. SAME—*what is not a variance between allegations and proof as to ownership of property.* An indictment for embezzlement and larceny which charges that the checks and instruments in writing alleged to have been taken were the property of Hans Jorgensen is supported by proof that the checks were the property of Jorgensen & Co. and of another firm, where the proof also shows that Jorgensen was doing business under the firm names and was the owner of the checks.

3. SAME—*when larceny is proved by embezzlement of checks.* Proof of larceny of a check is not proof of larceny of the amount of money named in the check, but where the indictment charges em-

bezzlement and larceny and the evidence shows that the defendant converted to her own use the proceeds of checks made out in favor of her employer and which came into her hands in the regular course of business, the charge of larceny is sustained by proof of the embezzlement of the checks.

4. SAME—*when judgment will not be reversed for error in admission of evidence.* Where the record contains sufficient competent evidence to warrant the jury in finding the defendant guilty beyond a reasonable doubt, the judgment will not be reversed for error in the admission of incompetent evidence unless it can be seen that such error was prejudicial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

W. W. O'BRIEN, and ELWYN E. LONG, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county for embezzlement and larceny. The first count charges that she converted to her own use $3000 in money and certain checks and orders for the payment of money of the value of $2500, which had been intrusted to her as bailee by Hans Jorgensen, her employer, the money and checks being the property of Jorgensen. The second count charges that on the 4th day of May, 1922, the plaintiff in error was book-keeper, cashier and agent in the employ of Jorgensen, and that she fraudulently and feloniously embezzled and converted to her own use $3000 in money, one check of the value of $175, and one lot of checks and orders for payment of money of the value of $2500, which money and property came into her possession by virtue of her em-

ployment by Jorgensen. The count alleges ownership of the money and checks in Jorgensen. The third count is similar to the first and second. Each count also alleges larceny of said money and checks. Plaintiff in error was convicted of the crime of larceny and brings the cause here for review, contending that the indictment is insufficient to support the verdict, that there was a variance between the allegations of the indictment and the proof, and that the evidence does not support the verdict.

The prosecution of this case was for the crime of embezzlement, as that offense is described in sections 74, 75, 82 and 167 of the Criminal Code. By section 74 of the Criminal Code embezzelement is made larceny. By section 75 any person who is an officer, agent or servant of any person, corporation or co-partnership, who embezzles or fraudulently converts to his own use any property of such employer that shall have come into his possession, shall be deemed guilty of larceny. Section 82 provides that in cases of prosecution for the offense of embezzling money, bank notes, checks, drafts, bills of exchange, etc., by the agent of the owner, it shall be sufficient to allege generally in the indictment an embezzlement, fraudulent conversion or taking, with such intent, of the funds of such person to a certain value or amount, without specifying any particulars of such embezzlement, and on the trial evidence may be given of such embezzlement, and if proved that the money, checks, etc., were fraudulently converted or taken with felonious intent by the agent, such proof is sufficient to sustain the charge. By section 167, defining larceny, that offense is made to extend to the taking, stealing and carrying away of any bond, bill, note, receipt or instrument of writing of value to the owner. The indictment in this case charges the embezzlement of moneys, checks, orders for money, and states the value thereof, and further charges that by reason thereof the plaintiff in error ·is guilty of larceny. Counsel for plaintiff in error other than her coun-

sel here, made no motion to quash the indictment and the same is sufficient to support the verdict. *People* v. *Mooney,* 303 Ill. 469; *People* v. *Jasiecki,* 301 id. 23; *People* v. *Ehle,* 273 id. 424; *McCracken* v. *People,* 209 id. 215; *Kibs* v. *People,* 81 id. 599.

It is also claimed that there is a variance between the proof and the charge in the indictment as to the ownership of the money, checks and orders embezzled. The proof shows that while the complaining witness, Jorgensen, used trade names, such as Burd Ring Sales Company and Jorgensen & Co., as a matter of fact he was the sole proprietor and owner of the company. The indictment properly alleged the property in him.

The evidence of the State shows that plaintiff in error had been employed by the complaining witness as bookkeeper in his place of business; that he spent most of his time on the road, selling his commodities; that the plaintiff in error and one Hammond and L. G. Rasmussen were the occupants of the office. Plaintiff in error was authorized to receipt for and deposit in the bank all moneys and checks received in the business of the complaining witness and to indorse checks received. Jorgensen frequently left with her blank checks signed by him, for the purpose of meeting obligations arising during his absence. She was authorized to fill in those checks with the names of the payees and amounts due, for the purpose of paying the bills. The State's evidence further shows that an investigation of the transactions of plaintiff in error showed that on October 12, 1921, she received the check of Robinson Bros., of Louisville, Kentucky, for $262.45; on October 15 following, the check of the Elkhart Motor Supply Company for $140; on November 10 the check of the Doody Garage and Livery for $42; on November 15 the check of the Mumford Hardware Company for $125.58. In January, 1922, she received the check of J. H. Lane for $40; on February 10 the check of the Madison Battery and Service Company for

$27.70; on February 14 the check of E. A. Jeffries, of Kankakee, for $43.33; on March 9 the check of the Lincoln Highway Garage for $33.75; on March 10 the check of the Washington Auto Supply Company for $98.99,— making a total of $812.80. These checks were not deposited to the account of the complaining witness but were converted to the use of plaintiff in error and by her cashed and the checks canceled and returned to the makers. The evidence shows, in addition, that various checks signed by Jorgensen in blank and left with plaintiff in error for the purpose of paying bills due in the business were by her filled out and used for her own purposes; that one of these checks she made out to Engler & Burgess for $410 to pay for a fur coat for herself; that on May 26, 1921, she so paid to Henry A. Mix, an auto dealer, the sum of $160 on an automobile purchased by L. F. Hauser, a friend of hers; that on August 10 she made out and delivered to Mix another check signed in blank by Jorgensen and left with her, in the sum of $160; that on September 21 she gave Mix a check for $175 made out in the same way; that on October 25 she filled in another check of the complaining witness for $299.63 and delivered the same to Mix. The State's evidence shows that Jorgensen discovered the misuse of the $410 check by reason of having been notified by his bank that his account was overdrawn. He testified that upon calling the attention of the plaintiff in error to the matter she said that she would immediately put it back; that he told her to do so and never to do such a thing again. It appears from the State's evidence that her method of making up this sum of $410 was by the use of the Robinson Bros. check for $262.45, which she had deposited to her own account in another bank, and the use of the Elkhart Motor Supply Company check for $140, both of which were the property of the complaining witness, and a promise on her part to make up the difference of $10 out of her weekly salary. It appears that some time after this incident vari-

ous other defalcations were discovered. The jury returned a verdict finding her guilty of larceny, fixing the value of the property taken at $2385.44.

Plaintiff in error took the stand on the trial and denied any defalcations but declared that the money was loaned to her by her employer. In this she is entirely uncorroborated. The evidence shows that of the checks payable to the complaining witness, none of those hereinbefore mentioned were ever deposited to his credit. The evidence also shows by the sales slips of daily sales, and by the bank book offered in evidence, that a considerable sum of money which passed through the hands of plaintiff in error was unaccounted for.

Edward J. Hess testified that subsequent to the arrest of plaintiff in error he talked with her in the Harrison street police station; that a friend of hers had asked him, in her presence, how much was involved in the case; that he told him that he thought it was $800 and some cents; that the plaintiff in error then said if she could get out of jail she believed she could raise the money in three days.

One McCauley, a salesman in the employ of the complaining witness, testified that on the morning after Jorgensen and L. G. Rasmussen, the sales manager, had been working on the books, plaintiff in error said to him: "I see we had a night book-keeper on last night. They had better not start anything with me. If they do, I have enough evidence on him to keep him quiet."

Mary McMann, a police matron, testified that she had a conversation with the plaintiff in error while the latter was at the police station; that upon inquiry as to whether the trouble was "store trouble," which, as she testified, meant shoplifting, plaintiff in error said: "No; it is just a matter of $1000, and if I had a little time I could fix it up."

The question of the guilt or innocence of the plaintiff in error was for the jury, and we have no doubt that she

was proven guilty to the degree required by the law. It is contended, however, that the crime was not proven, for the reason that proof of the act of filling in a blank check signed by Jorgensen was not larceny of the check; that such acts on her part might constitute forgery but not embezzlement or larceny. While it has been held, as contended by counsel for plaintiff in error, that proof of the larceny of a check is not proof of larceny of the amount of money named in the check, yet there was in this case ample proof of the larceny and the conversion to the use of plaintiff in error of numerous checks made out in favor of the complaining witness, which came into the hands of plaintiff in error in the regular course of the business of her employer. These checks had a value corresponding to the amounts designated in them, and, as we have seen, amounted to $812.80. Without regard to whether or not the misuse of the signed blank checks intrusted to her care by Jorgensen constituted embezzlement or forgery, the record amply sustains the embezzlement of the checks made payable to him and their value, and the charge of larceny, as the same is laid in the indictment, is sustained by the proof of the embezzlement of them.

The evidence shows a shortage, also, in the cash received by plaintiff in error although it does not definitely fix the amount. The statute making embezzlement larceny and fixing the punishment therefor, provides that the punishment shall be fixed at imprisonment in the penitentiary for a period of not less than one nor more than ten years if the value of the property stolen exceeds $15. In *People* v. *Jasiecki, supra,* this court said: "The only purpose in requiring the jury to find the value of the property stolen is to have it properly determined that the property has some value and that the value was either more or less than $15, * * * which is all that the statute requires."

Plaintiff in error complains of the admission of incompetent testimony. It has frequently been held by this court

that where the record contains sufficient competent evidence to warrant the jury in finding the defendant guilty beyond a reasonable doubt, the judgment will not be reversed for error unless it can be seen that such error was prejudicial. Such does not appear here. *People* v. *Sobzcak,* 286 Ill. 157; *People* v. *Cassidy,* 283 id. 398; *People* v. *Peters,* 241 id. 273.

It is urged that there is nothing to show that the books and entries testified to were made in the handwriting of plaintiff in error. In this counsel are in error. Jorgensen testified that all entries in the books of his business were made by plaintiff in error except on a few days when she was ill. This was testified to also by Bertha Engel, a book-keeper who followed in the employment of plaintiff in error. Moreover, Jorgensen testified to many entries and alterations in the books, stating the same to be made in the handwriting of the plaintiff in error. We are of the opinion that the evidence satisfies the requirements as to proof of her handwriting. The evidence amply sustains the conviction.

There is no reversible error in the record, and the judgment of the criminal court will therefore be affirmed.

*Judgment affirmed.*