(No. 35536.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* REID PELKOLA, Plaintiff in Error.

*Opinion filed March 31, 1960.*

Julius Lucius Echeles, and Barry Goodman, both of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley and William W. Winterhoff, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Defendant, Reid Pelkola, together with one Noble Luttrell, was found guilty of robbery after a bench trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than one nor more than five years. He prosecutes this writ of error contending that the proof failed to establish his guilt beyond a reasonable doubt and that the court erred in permitting testimony of an oral confession into evidence.

At about 1:30 P.M. on January 13, 1959, two men wearing handkerchiefs over their faces entered a beauty shop operated by Linda Soupos at 2519 N. Clark Street in the city of Chicago, announced that it was a holdup, and took $4.20 from a cash register after forcing Mrs. Soupos and a customer to sit on the floor in a back room. The men had no visible weapons and both were clad in jackets, one copper colored, the other gray. After the robbers left the shop Mrs. Soupos hurried to the street in time to see them run north on Clark Street and turn east on Deming Avenue. She located a police squad car nearby, described

the robbers to the officers, then accompanied the latter as the police car was driven through the neighborhood. About fifteen minutes after the robbery, and while the car was being driven down Hampton Court, Mrs. Soupos recognized one of the men (Lutrell) by his clothing and pointed him out to officers Dennehy, Kilroy and Cullerton with whom she was riding. The officers apprehended him, put him in the car and, according to testimony of officer Dennehy, Lutrell then admitted his participation in the robbery.

Shortly thereafter defendant was apprehended by officer Kilroy who had proceeded on foot through an areaway leading off Hampton Court to the vicinity of St. James Street and Lakeview Avenue. He was brought to the squad car containing Lutrell and Mrs. Soupos and it was Dennehy's testimony that Lutrell then stated defendant had been his accomplice, that defendant "didn't say much" when accused, and that the two men were then taken to the police station in separate squad cars. On cross-examination the officer related that Mrs. Soupos, in front of all present, had also identified defendant as one of the men who held her up. When the complaining witness testified, she conceded that her identification of both men had been based on their clothing and explained she had not see their faces because of the handkerchiefs they wore.

After the complaining witness and officer Dennehy had testified to the foregoing facts, the prosecution called as its next witness Robert Krause, who identified himself as a police detective and stated he had engaged in a conversation with Lutrell and defendant at the police station on the day of their arrest. However, when defense counsel objected that they had been given no notice of an oral admission or confession before the witness, the assistant State's Attorney agreed that such was the case and voluntarily refrained from questioning the witness further.

To digress from the facts for a moment, section 1 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1957,

chap. 38, par. 729,) as amended by the legislature in 1957, provides that whenever an oral confession shall have been made before any law enforcement officer or agency in this State, a list of the names and addresses of all persons present at the time of the confession shall be furnished to the defendant or his counsel prior to arraignment, or at such later time as the court, in its discretion, may direct, upon motion of either the prosecution or defense at the time of arraignment. Emphasizing that this provision is mandatory, the legislature concluded by providing: "No confession shall be admitted as evidence in any case unless the confession and/or list of names and addresses of persons present at the time the confession was made is furnished as required by this Section." (See: Laws of 1957, vol. 1, p. 1116.) In the present case it does appear in the record that, prior to arraignment, defense counsel was given a list of witnesses "present when Reid Pelkola made oral statements," but no copy of such list itself has been made a part of the record. However, any doubt as to whether the name and address of detective Krause was included is completely removed by the admission of the prosecutor that they were not. From this circumstance, and from the concluding provision of the statute, it would appear that evidence of the oral confession made to Krause was inadmissible when the prosecution was presenting its case in chief.

Defendant testified in his own behalf and admitted that he and Lutrell had been drinking together on the morning of the day in question, and that they were running short of funds, but denied that he had committed the robbery. Accounting for his presence at the place of arrest, he explained that Lutrell had left the bar where they had been drinking to see about borrowing some money from a former landlady who lived on Hampton Court, that he was to follow and meet Lutrell, and that, in doing so, he had taken a wrong turn and was going through an alley to get to

Deming Avenue when apprehended. Defendant recalled seeing Mrs. Soupos in the police car but stated he could not remember if she had identified him because he had been drinking heavily at the time. He did, however, expressly deny that Lutrell had implicated him at the squad car and testified he had not seen Lutrell until they were brought together at the police station. Continuing, defendant testified he had been employed in a grocery warehouse for a period of three years and that, prior to such employment he had served a term in the penitentiary for the crime of burglary. When cross-examined defendant stated he could remember having a conversation with Krause at the police station, and gave some of its details, but denied telling the officer that he had committed the robbery.

Noble Lutrell took the stand and testified that he had gone to Hampton Court to borrow some money from a former landlady, that he found she no longer lived there, and that he was arrested as he emerged from an adjoining building where he had gone to inquire of the landlady's whereabouts. He denied committing the robbery but admitted Mrs. Soupos had identified him by his clothing when he was brought to the squad car. Lutrell testified he made some denial of his guilt but did not persist, and more or less agreed to the charges against him, because he became afraid he would be beaten after one of the officers threatened him with a club and told him to shut up. Similarly, when asked on cross-examination if he had confessed to Krause at the station, Lutrell replied that, if he had done so, it was because he was afraid of the police. In this respect, he testified he had been beaten for three days and nights on the occasion of an arrest eight years before and, although defendant made no mention of force or brutality, that he became further apprehensive at the station when a policeman he could not identify struck defendant in the stomach. Upon motion of defendant's counsel, Lutrell's testimony was ruled inadmissible as to defendant.

The People next called detective Krause as a witness in rebuttal. When defense counsel again pointed out that Krause's name did not appear on the list of witnesses to an oral confession and objected that the prosecution was trying to get the confession into evidence by indirection, the trial court overruled the objection indicating he was receiving the testimony for purposes of rebuttal only. Thereafter, Krause testified to a conversation with Lutrell and defendant wherein both men admitted their participation in the robbery. When cross-examined in some detail, the witness stated he had not attempted to get signed statements in writing, as was customary, because, in his opinion, the men were too intoxicated to read or write.

While it has been held on numerous occasions that it is always competent to show, as a matter of impeachment, that a witness, even if he be the accused, made a statement outside of court concerning material matters which was inconsistent with his testimony on the witness stand, (*People* v. *Gleitsmann,* 361 Ill. 165; *People* v. *Romano,* 337 Ill. 300; *People* v. *Graves,* 331 Ill. 268; *People* v. *Popovich,* 295 Ill. 491,) we agree with defendant, under the circumstances of this case, that evidence of the oral confession made to detective Krause was inadmissible for any purpose. This is not a case where the trial court, in the exercise of its discretionary powers, admitted evidence in rebuttal which could and properly should have been introduced in chief, (cf. *People* v. *Leach,* 398 Ill. 515; *People* v. *Crump,* 5 Ill.2d 251,) but one in which, by virtue of section 1 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1957, chap. 38, par. 729,) evidence of an oral confession was inadmissible as evidence of guilt. This being the case, it is our opinion, again by force of the statute, that the evidence was likewise inadmissible for purposes of impeachment.

When called upon to deal with use of confessions for impeachment purposes, we have held that fundamental

justice will not countenance accomplishment, by indirection, of that which it will not permit directly, and have held that confessions otherwise incompetent do not become competent when offered to impeach either a witness or an accused. (*People* v. *Tunstall,* 17 Ill.2d 160; *People* v. *Childress,* 1Ill.2d 431; *People* v. *Barragan,* 337 Ill. 531.) Here, by the express direction of section 1 of division XIII of the Criminal Code, evidence of the oral confession made to Krause was inadmissible in chief for the failure of the prosecution to supply Krause's name and address to defendant or his counsel. Indeed, the assistant State's Attorney conducting the trial conceded that this was so. To permit the same evidence to be used in rebuttal for purposes of impeachment is to circumvent the legislative intent and to deny to an accused the protection against surprise, unfairness and inadequate preparation the statute was designed to provide. In short, it is our opinion that the statute leaves no area of discretion to a trial court and that the legislature intended compliance with the notice provisions before an oral confession could be admitted in evidence for any purpose. Accordingly, it is our opinion that the evidence of the oral confession made to Krause was improperly received in this case.

We are of the further opinion, however, that the error of the trial court does not justify a reversal of the judgment of conviction. Error in the admission of evidence is harmless where the facts involved are established by other competent evidence, (*People* v. *Grundeis,* 413 Ill. 145; *People* v. *Crowe,* 390 Ill. 294,) particularly where such other evidence is conclusive on the issue of the guilt of the accused. (*People* v. *Montgomery,* 271 Ill. 580; *People* v. *Burger,* 259 Ill. 284.) Again, we have said that whether the admission of incompetent evidence is sufficient ground to require reversal depends on the facts in each case, (*People* v. *Bureca,* 355 Ill. 202; *People* v. *Slattery,* 312 Ill. 202,) and have held that where the record contains suffi-

cient competent evidence to establish the guilt of a defendant beyond reasonable doubt, the judgment will not be reversed for error in admitting evidence unless it can be seen that the error was prejudicial. *People* v. *Baker,* 365 Ill. 328; *People* v. *Reeves,* 360 Ill. 55; *People* v. *Perrello,* 350 Ill. 231; *People* v. *Guilfoyle,* 321 Ill. 93; *People* v. *Raymond,* 296 Ill. 599.

Here, there is sufficient evidence to establish defendant's guilt beyond a reasonable doubt without regard to the improper testimony of Krause and, under the circumstances of the case, we are of the opinion that such testimony was not prejudicial to defendant. As to the proof itself, exclusive of Krause's testimony, it shows that defendant and his companion were identified by the victim as the men who held her up. It is true she could not identify the robbers by face, and that her identification was not positive to that extent, however, we have held that identification need not be positive to support a conviction, its weight being a question for the jury or the court, as the case may be, to be determined in connection with the other circumstances in the case. (*People* v. *Maciejewski,* 294 Ill. 390, 395; *People* v. *Jennings,* 252 Ill. 534, 545.) The circumstances of this case show that Mrs. Soupos had ample opportunity, under favorable conditions, to observe the men who robbed her, even though the extent of her observation was limited by the masks they wore on their faces, that she described the clothing of the robbers to the police, that men wearing such clothing were found in the area, and that, to the extent possible, the prosecuting witness unhesitatingly identified the men once they were apprehended. Persuasive corroboration for her identification is found in the fact that the men were arrested a few blocks from the scene of the crime within minutes after its commission, and in the testimony of both men, particularly when it is remembered that Mrs. Soupos identified them separately, that they had been in each other's company for many hours just prior to the

crime and that they had run out of funds with which to continue their drinking.

Although defendant and his companion sought to explain their presence in the area for an innocent purpose, the choice of which witnesses were telling the truth rested with the court and we see no basis for substituting our judgment in such respect. In view of the foregoing evidence, we are unable to see how the trial court could have reached any other result than it did, even if the incompetent rebuttal evidence had not been admitted. Cf. *People v. Harris,* 391 Ill. 358.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*