People of the State of Illinois, Defendant in Error, v. Melvin Burks, Plaintiff in Error.

**Gen. No. 50,132.**

First District, Second Division.

June 22, 1965.

Richard G. Lione, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Thomas A. Hett, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a conviction by a jury of defendant, Melvin Burks, of the crimes of burglary and theft. Defendant was sentenced to the Illinois State Penitentiary for ten to fifteen years on the burglary conviction and five to ten years on the theft conviction, said sentences running concurrently.

At approximately 8:30 p. m. on the evening of August 18, 1962, Patrolman Maurice Beacham arrested defendant on suspicion of the burglary of a residence located at 4332 West Flournoy, Chicago, Illinois. At defendant's arraignment on October 10, 1962, defendant's counsel was provided with a one-page written statement and a list of witnesses to an oral and written statement allegedly made by defendant. The name of Patrolman Beacham did not appear on the aforementioned list of witnesses.

At the trial, the jury heard testimony by Mrs. Louise Harnett that she and her son, James Harnett, were away from her residence at 4332 West Flournoy, Chicago, Illinois, on the 17th, 18th and 19th of August, 1962 and when they returned, they found the back door window broken, a screen torn and other evidence

of forcible entry. James Harnett corroborated this testimony and also stated that personal belongings, including rolls of coins and a Japanese radio, were missing.

Harold Stevens testified that he lived at 4336 West Flournoy, Chicago, Illinois, immediately adjacent to the Harnett residence; that on the evening of August 18, 1962, he saw defendant enter the Harnett residence, remain there for a short period of time; that he telephoned the Chicago Police Department to report the circumstances; that as defendant left the Harnett residence with certain items including a small radio, Stevens accosted him; and that defendant ran from him, but after a chase, was caught by Stevens where the two scuffled in an alley behind the Harnett residence.

Patrolman Beacham testified that he was on patrol in a "beat" car with Patrolman Al Davis; that at approximately 8:15 p. m. they received a call from the Central Complaint Room which directed them to 4332 West Flournoy, Chicago, Illinois; that they went immediately to this address; that while Patrolman Davis parked the car, he ran to the rear of the house in question; that upon arriving at the rear of the house, he saw windows in the back door that had been broken and a screen that had been ripped; that he had a quick look around after which he ran into the alley and saw two men struggling; that one of the men struggling was defendant and the other was later identified as Harold Stevens; that he placed defendant under arrest and handcuffed him; that in the backyard of the Harnett residence, he asked defendant whether he had been in the home that had been burglarized and that defendant's answer was "Yes, I burglarized. . . ."

It is defendant's theory of the case that the trial court erred in admitting the aforementioned oral con-

fession in that Patrolman Beacham's name was not on the list of witnesses to the oral confession supplied to defendant's counsel prior to trial. Defendant's position is that this unexpected testimony so surprised defense counsel that it irreparably prejudiced the defense.

██ ██ It is true that under the law of Illinois, the People should provide a defendant with a list of witnesses to his written or oral confession. Illinois Revised Statutes (1961), Chapter 38, Section 729. If a witness for the People testifies that he heard an oral confession of the accused, such testimony is inadmissible unless the witness's name was provided defense counsel prior to trial. The admissibility of such testimony constitutes error. It is the position of the People, however, that such error is not reversible. We agree with the People's position. The error, in order to be prejudicial and grounds for reversal, must be gauged in the context of the totality of evidence presented. The lead case is People v. Pelkola, 19 Ill2d 156, 166 NE2d 54 (1960), where the court stated at page 162:

> We are of the further opinion, however, that the error of the trial court does not justify a reversal of the judgment of conviction. Error in the admission of evidence is harmless where the facts involved are established by other competent evidence (People v. Grundeis, 413 Ill 145; People v. Crowe, 390 Ill 294,) particularly where such other evidence is conclusive on the issue of the guilt of the accused. (People v. Montgomery, 271 Ill 580; People v. Burger, 259 Ill 284.) Again, we have said that whether the admission of incompetent evidence is sufficient ground to require reversal depends on the facts in each case, (People v. Bureca, 355 Ill 202; People v. Slattery, 312 Ill 202,) and have held that where the record contains sufficient competent evidence to establish the

guilt of a defendant beyond reasonable doubt, the judgment will not be reversed for error in admitting evidence unless it can be seen that the error was prejudicial. People v. Baker, 365 Ill 328; People v. Reeves, 360 Ill 55; People v. Perrello, 350 Ill 231; People v. Guilfoyle, 329 Ill 93; People v. Raymond, 296 Ill 599.

 It is defendant's position that the rule enunciated in Pelkola has been changed by the subsequent case of People v. O'Connell, 30 Ill2d 603, 198 NE2d 834 (1964). Defendant contends that testimony relating to a confession which is inadmissible is prejudicial per se, and that the court cannot examine the record to see if there is other sufficient competent evidence to establish the guilt of a defendant beyond a reasonable doubt. We do not agree with defendant's contention. The doctrine of harmless error still exists in Illinois.

In People v. O'Connell, supra, cited by defendant, the factual situation was very close and absent the erroneously received evidence, a reasonable doubt as to guilt still remained.

In the case of People v. Shockey, 30 Ill2d 147, 195 NE2d 703 (1964), although reversing the conviction, the court reaffirmed the rule of harmless error and after citing Pelkola concluded on pages 151, 152:

Excluding the evidence concerning the confession, there is not a sufficient quantum of evidence in this case to prove the defendant guilty beyond a reasonable doubt. Therefore, the trial court's admission of the confession into evidence and testimony concerning it constituted prejudicial error.

 In the instant case, there was strong, persuasive, clear and convincing evidence to convict defendant beyond a reasonable doubt. The owner of the

victimized premises and her son testified that they were absent several days; that at the time of their departure the house was securely locked and all windows, doors and screens intact; and that on their return, the windows were broken and the screen torn. They also identified certain items of property, which had been in the house when they left, as belonging to them, such as handkerchiefs with the son's initial, army identification tags, rolls of coins and a radio.

Harold Stevens, who lived next door to the premises in question, testified that on the date of the incident, he saw defendant enter the premises and later leave with a radio in his hand and his pockets bulging. Stevens also testified that he asked defendant what he was doing, gave chase when defendant attempted to flee, apprehended defendant after a struggle, and was present when the police arrived and searched defendant, finding on his person the items previously identified by the owners.

Lastly, Police Officers Beacham and Davis testified that they searched defendant at the time of apprehension; that certain items were found upon defendant in that search; and that the same items were later identified by the owners.

We hold that the Pelkola case still reiterates the law of Illinois; that the position taken by the court in that case has not been modified; and that the doctrine of harmless error is still applicable to confessions.

For the above reasons, the judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.