People of the State of Illinois, Plaintiff-Appellee, v. Walter Seig Mason, Defendant-Appellant.

Gen. No. 51,035.

First District, First Division.

January 16, 1967.

John J. Cleary, of Chicago, and Walter Seig Mason, pro se, of Joliet, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant, Walter Seig Mason, and Edward Seig, his brother, were found guilty of murder. The jury fixed their punishment at 199 years in the penitentiary. The Illinois Supreme Court transferred to this court the separate appeal of Walter Seig Mason, in which he contends that it was prejudicial and reversible error to receive into evidence his oral and written confessions and a loaded gun found on his person at the time of arrest.

On November 12, 1960, Louis Mascio and his wife operated a small food store at 7847 South Loomis Street. At about 8:30 in the evening Mrs. Mascio was alone in the store, and two men entered and demanded money. One of the men, defendant Mason, was holding a gun, and she gave them $12. After receiving the money, the defendant ordered Mrs. Mascio toward the back of the store, where her husband was sleeping in a bedroom. As Mrs. Mascio passed the bedroom, she called to her husband, "Get up, Lou," and then ran out a rear door to a nearby tavern for assistance. As she returned, she heard a shot, and upon entering the store she found her husband on the bedroom floor, bleeding from a bullet wound, which resulted in his death on December 26, 1960.

On the evening of January 6, 1961, the defendants were arrested and, on being searched, each defendant was found to be in possession of a loaded gun. The .38 caliber revolver found on defendant Mason was later identified as the gun which fired the shot that resulted in the death of Mr. Mascio. At about 4:00 a. m. on January 7, 1961, both brothers made oral confessions to police officers. Later that day, both brothers signed written confessions.

The trial of the defendants commenced on March 22, 1961, and twelve veniremen were placed in the jury box and sworn for examination upon their voir dire. The trial was then recessed for lunch. When it resumed at 2:00 o'clock, the attorney for the State informed the court that

he had learned that morning of oral statements made by defendants on January 7, 1961, in addition to written statements that had been allegedly given to defendants' counsel upon their arraignment. Counsel for the defendants objected to notice at that time of the oral statements because of noncompliance with the statute (Ill Rev Stats 1959, c 38, § 729).

As to the oral confessions, the court announced that counsel for both defendants would have an opportunity "to talk to the defendants before we proceed," and overruled defendants' objections. Later, and after the jury had been sworn to try the issues, the State informed the court that Police Officer Mildice had talked to the defendants' counsel regarding the oral confessions.

At the trial, Mrs. Mascio related the details of the robbery and identified defendant Mason as the man who held the pistol on her and followed her into the back of the store. Mrs. Mascio further testified that at a police station lineup on January 7, 1961, she had identified the two defendants, and later that day, in the police station and in her presence, she heard them say that they had seen her before in her store, that they had "asked her for the money in the drawer," and defendant Mason said that he had had a gun. Also, at that time, she heard Mason say that he had told her to go to the back, and he went into the back, "and he said he had to shoot my husband."

Police officers testified as to the arrest of the defendants on January 6, 1961, and finding the loaded guns on both defendants. A police firearms technician testified as to firing test bullets from the weapon found on defendant Mason and comparing them with the bullet taken from the person of Mr. Mascio. In his opinion, the test bullets and the Mascio bullet "were fired from one and the same weapon."

Officer Joseph Mildice testified as to a conversation had with defendants at 4:30 a. m. on January 7, 1961, in

the presence of Officers Bongiorno and Massett. Over the renewed objections of counsel for defendants, Officer Mildice related the details of the oral confession in which defendant Mason gave as his reason for shooting Mascio, "Well, he was lying in the bed and I told him to get moving and he didn't move fast enough and I shot him." Officer Bongiorno corroborated this testimony.

A court reporter and a police officer both testified in detail as to the preparation and execution of written statements by both defendants on January 7, 1961. Defendant Mason initialed the pages and signed the last page of the written statement made by him. In this statement, defendant explained the shooting, "He got up and grabbed the broom and started swinging at me. I shot him."

Over the objection of defendants, the court received in evidence the weapons and cartridges found on both defendants at the time of arrest, the test bullets, and the bullet removed from the body of Mascio. The State then informed the court that on checking, it had been ascertained that the written confessions of both defendants had not been furnished to defendants' counsel on arraignment, and "I will ask that they be introduced into evidence subject to counsel's objection." The trial court then informed counsel for defendants, "I want the record to show that if you do object to those statements that that objection will be sustained." Defendants' counsel replied, "I understand that and I explained it, but I think you ought to explain it to them right here. . . . No, I am not objecting." Thereupon, the documents were received in evidence without objection. The State then rested. No evidence was offered on behalf of defendants, and the jury returned verdicts of guilty and fixed the punishment of both defendants at 199 years in the penitentiary.

■■ Initially, in considering defendant Mason's contentions, we find that it was not error to receive into

11

evidence the loaded gun found on his person at the time of his arrest on January 6, 1961. It was proved to be the murder weapon. Also, the weapons found on both brothers at time of arrest come within the pronouncements made in People v. Jackson, 9 Ill2d 484, 492, 138 NE2d 528 (1956). Defendant's contention that he was denied his constitutional right to competent court-appointed counsel is without substance. The record shows diligence and persistence on behalf of defendant's counsel. Defendant's waiver of his right to object to the admission of his written confession was made with his consent in open court and apparently was part of his trial strategy to avoid a death penalty. Defendant was adequately represented.

Defendant asserts that the confessions and list of witnesses furnished to the defendants at the time of arraignment did not pertain to the murder charge. He contends the failure of the State to furnish a list of witnesses to the oral confession until the voir dire examination of the jury was a violation of mandatory statutory requirements (ch 38, § 729). Cited is People v. O'Connell, 30 Ill2d 603, 198 NE2d 834 (1964), where the court held on similar facts that the State's failure to comply with the notice provisions of the statute "was a clear violation of the mandatory provisions thereof which could not be cured by the trial court's offer of a brief continuance" (p 609).

As to the written confession, to which defendant affirmatively waived objection, defendant states "he deliberately sought the introduction of the written confession with a reference to the aggressive conduct of the decedent (swing the broom) to overcome the far more prejudicial asserted reasons contained in the oral confession (failure to move fast enough). It is submitted that if the oral confession was not admitted into evidence, there would have been no reason for defense counsel to

waive his valid objections to the written confession, hence without the oral confession, no confession whatsoever would have been admitted into evidence. Without the two confessions there would arise even a doubt as to the sufficiency of the evidence against the defendant. In any event, a confession has a very important effect upon the mind of the jury which would have been considered in determining the guilt of the defendant Mason in this case."

As to the confessions of defendant, we note that defendant's trial was in 1961 and, therefore, the "Escobedo" and the "Miranda" standards do not apply here. People v. McGuire, 35 Ill2d 219, 223, 224, 220 NE2d 447 (1966).

■ It is undisputed that the State failed to comply with the mandatory provisions of the statute with respect to both confessions (Ill Rev Stats 1959, c 38, § 729). Although this case does not portray a close factual situation, we believe People v. O'Connell, 30 Ill2d 603, 198 NE 2d 834 (1964), demonstrates that the trial court's denial of defendant's repeated objections to the oral confession was error. Consequently, we agree with defendant's assertion that there was no reason for him to waive his valid objection to his written confession if his oral confession was not admitted into evidence. Fundamental fairness supports this argument.

■■ Although neither confession of defendant Mason should have been admitted into evidence at the instant trial, the testimony of Mrs. Mascio as to the happenings at their store on November 12, 1960, her positive identification of defendant, and the finding of the murder weapon on the person of defendant, conclusively established defendant's guilt of wantonly shooting the decedent. Excluding the confessions, we find there was sufficient competent evidence to prove defendant guilty of murder beyond all reasonable doubt, and as the errors in this record could not reasonably have af-

13

fected the result of the trial, defendant's conviction of murder should be affirmed. People v. Ashley, 18 Ill2d 272, 282, 164 NE2d 70 (1960) ; People v. Pelkola, 19 Ill2d 156, 162, 166 NE2d 54 (1960) ; People v. Burks, 60 Ill App2d 451, 208 NE2d 650 (1965).

■ However, in this case the jury fixed the punishment and the State qualified the jury for the death penalty and vigorously sought a death verdict. Defendant was 43 years of age at the time of the trial. He had a right to have the jury fix his punishment unprejudiced by the incompetent confessions. (People v. Jackson, 9 Ill2d 484, 489, 138 NE2d 528 (1956).) Because this incompetent evidence may have been a determining factor in the punishment here fixed by the jury, we believe this is a proper case for the use of the statutory power given on appeal to reduce defendant's punishment (Ill Rev Stats 1965, c 38, § 121–9(b)(4)).

■ For the reasons given, defendant's conviction of murder is affirmed and his sentence of 199 years is reduced to a term of 50 years in the Illinois State Penitentiary. As modified, the judgment of the Criminal Division of the Circuit Court is affirmed.

Judgment modified and affirmed.

BURMAN and ADESKO, JJ., concur.