**People of the State of Illinois, Plaintiff-Appellee,
v. Carl Ricks, Defendant-Appellant.**

**Gen. No. 51,156.**

First District, Third Division.

May 11, 1967.

Stanford L. Glass, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Carl Ricks and Saul Colbert were indicted for robbing Bill Boekhoff while armed with a dangerous weapon. The robbery took place on March 12, 1962, and $2 in a billfold, about 80 cents in change and a pocketknife were taken. Ricks was tried separately by a jury and found guilty. He was sentenced to four to ten years in the penitentiary.

Boekhoff had left a tavern on Archer Avenue in Summit, Illinois about 2:15 a. m. and was a block and a half from his home on 62nd Place when he noticed two colored men walking rapidly down the street in back of him. As they approached he stepped aside to let them pass. One man walked in front of him but the other stopped behind him and grabbed him around the neck. Both men then jumped on him and all three fell to the ground. While they were lying on the ground one man held a .25 caliber, bluesteel, automatic pistol to his head while the other one went through his pockets. The man who stopped behind him and who went through his pockets wore a dark blue coat; the man who stepped in front of him and who held the gun to his head wore a brown corduroy, fingertip jacket and had a "beanie" type cap with a small visor and a button on top.

When the men left, Boekhoff returned to the tavern and called the police. He had not seen their faces too clearly but he gave Officer Schwartz of the Summit police, who responded to his call, a description of the gun used in the robbery and the clothing worn by each man. He and Schwartz toured the neighborhood in a

71

police car looking for the robbers. Some 15 minutes later they saw them standing near the corner of 62nd Street and Archer Avenue, two blocks from where the robbery took place. They drove past them and rendezvoused with two other officers who were in another squad car aiding in the search for the robbers. Schwartz circled around and the other car proceeded through an alley. They converged at the corner of the street and alley where the two men were walking. The officers placed them under arrest. Saul Colbert, the man with the dark coat, was seen throwing an object away. It was retrieved and proved to be Boekhoff's pocketknife. A .25 caliber, bluesteel, automatic pistol, tucked in the belt of the man with the brown corduroy jacket, the defendant Carl Ricks, dropped between his feet as the officers searched him. A further search was made at the police station. Ricks had two single-dollar bills, one five-dollar bill and $1.50 in change. The billfold was not found. Boekhoff received it in the mail three days later; with the exception of the $2 everything else was intact.

Ricks denied the robbery. He admitted that the gun was his and testified he had bought it at 6 a. m. the morning of November 11th for the protection of an elderly woman with whom he lived. He did not give the gun to the woman but had carried it on his person from 6 a. m. November 11th until his arrest at 2:45 a. m. November 12th. During this time he loaded it with cartridges. After being away all day he returned to his home, which was in the vicinity of the robbery, about midnight on the 11th. He testified that Colbert came to his house around 1 a. m. on the 12th. They went outside to talk and wandered aimlessly about until they got to the corner of 62nd Street and Archer where they stood out in the cold for approximately an hour. As they stood there he transferred the gun from his pocket to

his belt. They saw the police squad cars pass by but paid no attention to them. They then decided to go home and as they approached the mouth of an alley the squad cars pulled up and the officers jumped out, told them to raise their hands and searched them. He acknowledged that Boekhoff's pocketknife was found nearby.

Two points are raised in this appeal: the identity of the defendant was not proved beyond a reasonable doubt and the trial court erred in not calling Officer Schwartz as a court's witness.

█ The defendant's argument as to the deficiency of his identification is based on the fact that Boekhoff did not describe his facial characteristics and that he was not picked out in a police lineup. Boekhoff frankly stated that he was unable to discern distinctly the features of the men as they attacked him and wrestled him to the ground. However, he had a close-up look at their clothing and the gun. That Boekhoff did not pretend to see more than he did makes his description of what he did see more credible. The circumstances of the arrest made selection in a lineup unnecessary.

█ The total evidence sustains the guilty verdict. The defendant and his companion were arrested within two blocks of the crime shortly after it was committed. They were wearing the exact clothing Boekhoff told the police the robbers wore. The defendant carried a gun that matched the one described by the victim; the defendant's companion had the pocketknife stolen from the victim. The explanation given by the defendant for his possession of the gun and for his being with Colbert at 2:45 in the morning would be difficult for even a credulous juror to accept. Although Boekhoff did not identify the robbers by their faces, the identification he did make of the defendant together with the other circumstances in the case was sufficient to establish the defendant's guilt

beyond a reasonable doubt. People v. Pelkola, 19 Ill2d 156, 166 NE2d 54 (1960); People v. Maciejewski, 294 Ill 390, 128 NE 489 (1920).

Before the trial started the defendant made a motion to suppress the evidence (the gun and the knife) and called Officer Schwartz as a witness. Upon cross-examination by the State it was brought out that his testimony differed in two or three respects from what he had told the prosecutor before he took the stand. The State did not use him as a witness in the jury trial. When the State rested its case without calling Schwartz the defense asked that he be called as the court's witness and gave as the reason the variations between his testimony and that of the other State witnesses. The trial court denied the motion and his ruling is urged as error. It is argued that Schwartz' testimony as the court's witness would have raised a reasonable doubt as to the defendant's guilt.

 Whether or not a witness should be called as the court's witness rests in the discretion of the court. People v. Collins, 25 Ill2d 605, 186 NE2d 30 (1962). The State is not obliged to call all available witnesses. People v. Huff, 29 Ill2d 315, 194 NE2d 230 (1963). Officer Schwartz was not an eyewitness to the crime and his testimony, in the main, would have been cumulative. The State did not use him as a witness in its case in chief and this is understandable in view of the discrepancies between the story he told the prosecutor and his testimony as a defense witness on the motion to suppress. There were also minor variations between his testimony and the subsequent testimony given by Boek-hoff and the other officers at the trial. The defendant could have called him as his own witness but apparently did not wish to do so because his overall testimony on the motion to suppress was very damaging to the defendant and was corroborative, except as to the two or

74

three details, of the testimony of Boekhoff. The obvious purpose of the defendant in asking the court to make Schwartz its witness was to get his testimonial discrepancies before the jury and not because his substantive testimony was important to prevent a miscarriage of justice or because he was unexpectedly hostile. The court ruled that no showing had been made why he should be called as the court's witness. We find no abuse of the court's discretion.

The judgment is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.