(No. 36453.

The People of the State of Illinois, Defendant in Error, *vs.* William Jack DuPree, Plaintiff in Error.

*Opinion filed November 30, 1962.*

Richard L. Clayter, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Rudolph L. Janega and William L. Carlin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

The defendant, William Jack DuPree, together with John Roach, was indicted in the criminal court of Cook County on a charge of armed robbery. They pleaded not guilty, waived a trial by jury and were tried by the court. Roach was found not guilty, but the defendant was found guilty, and was sentenced to imprisonment for not less than ten nor more than twenty years. On this writ of error he contends that the court erred in denying his motion to suppress an alleged oral confession and that the evidence did not establish his guilt beyond a reasonable doubt.

Denzil Emmerson testified that about 2 A.M. on November 29, 1959, two men entered the filling station where he was working alone as an attendant, and asked for the key to the washroom and a package of cigarettes. One of the men, whom Emmerson identified as the defendant, handed him a five-dollar bill and while Emmerson was making change, drew a revolver and demanded his money. He was unable to identify the other man. He testified that the two men ordered him to a back room where they searched him and took his money changer and $69. He further testified that he recognized the defendant because he and the defendant had served time together in the Indiana State Penitentiary. The only other testimony offered by the prosecution concerned the defendant's alleged oral confession.

The defendant had moved to suppress the confession, and by agreement the testimony concerning the motion was heard at the trial. The defendant testified that he was arrested on January 4, 1960, and that he was given "a thorough going over in the narcotics bureau because I wouldn't make a deal." He testified that a narcotics officer whose name he thought was Lopez struck him five or six times; that on the following day, he was identified by Emmerson and questioned by police officers regarding the robbery; that officers Malloy, Arndt, Kutnick and "some officers from the narcotics division" were present at the time of his confession; that he was struck "several times" by Malloy and knocked off his chair; that he confessed because "I just got tired of them—I didn't have any wind so I told them yes, I made the open admission." He also testified that he had known Emmerson in the Indiana penitentiary, that there had been ill will between them, and that they had once had a fist fight in the prison. He denied any participation in the robbery.

The witnesses who testified for the prosecution denied that any coercion had been used in obtaining the defendant's

confession, but they told conflicting stories as to who was present when the confession was obtained. The statutory list of witnesses given to the defendant at his arraignment contained only the names of police officers Malloy, Arndt, and Kutnick. Emmerson testified that, in addition to the three police officers, he was present when the confession was made. Malloy, who prepared the list of witnessees, testified that he and Emmerson, together with officers Arndt and Kutnick and "two members of the narcotics detail" were present. Officer Arndt testified that he and officers Malloy, Kutnick, and "one or two narcotics detectives" were present. Kutnick testified that he, Malloy, Arndt, Emmerson and "I believe two other detectives from narcotics" were present and that the latter took part in questioning the defendant about the robbery.

The defendant contends that because the list of witnesses that was given to him did not include the names of Emmerson and the two narcotics detectives, the confession was inadmissible under the applicable statute. He also urges that because the two narcotics detectives who were present were not called as witnesses, the State did not sustain its burden of proving that the confession was voluntary.

Section 1 of division XIII of the Criminal Code requires that whenever an oral confession has been made before any law enforcement officer or agency, a list of the names and addresses of all persons present at the time of the confession shall be furnished to the defendant or his counsel. It further provides: "No confession shall be admitted as evidence in any case unless the confession and/or list of names and addresses of persons present at the time the confession was made is furnished as required by this Section." Ill. Rev. Stat. 1959, chap. 38, par. 729.

The three police officers who testified for the State corroborated the defendant's testimony that there were two narcotics detectives present when the confession was made. Emmerson was also present at the confession. The names

of Emmerson and the two narcotics detectives were not included in the list furnished to the defendant. From the record it is obvious that there was a failure to comply with the statute.

The State contends, however, that the statute is dirrectory, and that the failure of the defendant to request a list of additional witnesses makes the statute inapplicable. But this court has heretofore held that the statute is mandatory. (*People* v. *Pelkola,* 19 Ill.2d 156, 159, 161.) The defendant was furnished with a list of witnesses, in purported compliance with the statute, and it was not necessary for him to make a motion for a list of additional witnesses.

The first ground asserted in the defendant's motion for a new trial was that "the Court erred in overruling the defendant's motion to suppress a confession obtained from the defendant." This was sufficient to preserve for review the question of the admissibility of the alleged oral confession. We hold, therefore, that testimony as to the alleged confession was inadmissible under the statute, and it is unnecessary to consider the additional contention that the confession was inadmissible, apart from the statute, because the prosecution failed to produce all persons who were present during the taking of the confession.

One further question remains. In *People* v. *Pelkola,* 19 Ill.2d 156, we held that where the record contains sufficient competent evidence to establish the guilt of a defendant beyond a reasonable doubt, a judgment of conviction will not be reversed for error in admitting evidence unless it can be seen that the error was prejudicial. In this case, the only other competent evidence introduced by the State was the identification by the complaining witness, Denzil Emmerson, who had served time in the Indiana State Penitentiary with the defendant. There was evidence of previous ill will between the two men. As we stated in *People* v. *Dale,* 20 Ill.2d 532, 534, "A confession is evidence of a highly convincing nature, and it could have easily influenced the

trial court's finding of guilty." In finding the defendant guilty in this case, the trial judge stated: "* * * You have the positive identification by him [Emmerson] plus the story the police officers tell here." It is clear from the record that the ultimate finding of guilty was influenced by the inadmissible confession.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*