**The People of the State of Illinois, Plaintiff-Appellee, v. Bobby Rufus Barfield, Defendant-Appellant.**

Gen. No. 49,625.

First District, Third Division.

November 18, 1965.

Carl A. Champagne, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Lawrence A. Passarella, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Bobby Barfield was found guilty of burglary in a nonjury trial and was sentenced to the penitentiary for a term of four to ten years.

He contends that his conviction should be reversed because an oral and a written statement made by him

were improperly received in evidence, that he was not proven guilty beyond a reasonable doubt, that the trial court failed to conduct a preliminary hearing on the competency of his confessions and that prejudicial error was committed in the reception of evidence.

A tavern in the City of Chicago was burglarized during the early morning of September 21, 1963, and about $209 was taken. Barfield's aunt was employed at the tavern and Barfield, who arrived in Chicago by motorcycle from California on September 20th and departed on the 21st for Tennessee, visited her at the tavern on the night of the 20th.

On October 8, 1963, Barfield was arrested on a vagrancy charge in Miami, Florida. He was taken to jail and when questioned by the police said that he was "on the lam" and had "knocked off" a tavern in Chicago. He gave the date of the crime and the name and address of the tavern where his aunt worked. The police officer who interrogated him was unaware of the Chicago burglary until informed about it by Barfield. On October 10th, in a written statement signed by him, Barfield confirmed his oral statement.

At his trial Barfield, who had a criminal record, denied the burglary. He explained his revelation to the Miami police by stating that while he was in Tennessee visiting his sister, she told him that she had received a telephone call from their aunt in Chicago who said that he was suspected of the burglary and that a warrant might be sworn out for his arrest; that when the police asked him if he was wanted for any crime he replied that he didn't know for sure but he possibly might be wanted for questioning about the tavern burglary.

Only two witnesses testified for the State: the owner of the tavern and the police officer from Miami who had taken the oral and written statements. The tavern owner described the premises before and after the burglary. She said she knew Barfield and that he and a friend of

56

his were in her tavern the night before the burglary. She did not know who broke into the tavern.

The officer testified that he was the only one who talked with the defendant when the oral confession was made but that a Sergeant Smith, a police matron, and three or four jailers were present. He said the written statement was taken two days later in the presence of Officer D. G. Martin and a police secretary. Although the written statement consisted of five typewritten pages, only one question concerned the burglary:

> "Q. Do you also recall at this time, in our conversation in the city jail your giving me information that you had broken into the Roundup Tavern at 6846 North Western Avenue, Chicago, Illinois, approximately the 21st of September 1963?
> A. Yes, sir."

At the defendant's arraignment he was furnished a copy of this signed statement and the names and addresses of the persons who had witnessed his oral and written statements. The lists contained but two names: A. B. Rossman [the officer who testified] and D. G. Martin. Omitted from one list were the names of Sergeant Smith, the matron, and the jailers; omitted from the other was the name of the secretary who recorded the statement.

Section 1 of Division XIII of the Code of Criminal Procedure provides:

> "Whenever a written or oral confession shall have been made before any law enforcement officer . . . by any person charged with any crime, a copy of such confession, if written, together with a list of the names and addresses of all persons present at the time such confession was made shall be given the defendant or his counsel. . . . If such confession

57

was not reduced to writing, then a list of the names and addresses of all persons present at the time the confession was made shall be furnished. . . ."

"No confession shall be admitted as evidence in any case unless the . . . list of names and addresses of persons at the time the confession was made is furnished as required by this section." Ill Rev Stats, 1963, c 38, para 729.

 The statute was not complied with, and the testimony about the oral confession and the written confirmation of the oral confession were inadmissible. The defendant was not informed in advance of trial of the names and addresses of those law enforcement officers before whom he is supposed to have confessed. He was entitled to this information so that he would not be taken by surprise or handicapped in the preparation of his defense. Although the officer who testified said that the other police officers did not participate in questioning Barfield he did say that they were present. He was not asked to explain their presence and we cannot assume that they were attending to other business or were walking in and out of the room. Appropriate objections were made to the statements and they should have been excluded.

 Compliance with the statute is mandatory and failure to comply has been held to be reversible error in cases where the evidence was close or where the record, without the confession, did not contain sufficient competent evidence to establish the guilt of the defendant beyond a reasonable doubt. People v. O'Connell, 30 Ill2d 603, 198 NE2d 834; People v. Shockey, 30 Ill2d 147, 195 NE2d 703; People v. DuPree, 26 Ill2d 320, 186 NE2d 237.

In the O'Connell case the State failed to furnish a list of witnesses to an oral confession until the jurors were being examined. The court reversed the defendant's conviction, saying:

"In our opinion the State was required by section 1 of division XIII to furnish defendant with the names of the testifying officers prior to the rearraignment or, at least, sufficiently far in advance of trial to enable the defendant to prepare accordingly. In view of the close factual situation we do not agree that permitting the officers to testify can be held to be other than prejudicial."

In Shockey the State introduced a written confession without giving the defendant a copy or a list of the names and addresses of the persons present at the time of the confession. The court said:

"Excluding the evidence concerning the confession, there is not a sufficient quantum of evidence in this case to prove defendant guilty beyond a reasonable doubt. Therefore, the trial court's admission of the confession into evidence and the testimony concerning it constituted prejudicial error."

■ Without his two statements there was no evidence connecting Barfield to the crime for which he was indicted and his conviction must be reversed.

In view of this conclusion there is no need to discuss the defendant's last two assignments of error. Our only comment is that neither is meritorious; apart from admitting the confessions the trial was conducted without error.

Reversed.

SULLIVAN and SCHWARTZ, JJ., concur.