(No. 40479.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WALTER SEIG MASON, Appellant.

*Opinion filed November 30, 1967.*

WARD, J., took no part.

JOHN J. CLEARY, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and WILLIAM J. NELLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In this case, we granted defendant leave to appeal from the judgment of the Appellate Court, First District, affirming his conviction of murder but reducing the imposed trial punishment of 199 years to 50 years in the penitentiary. (80 Ill. App. 2d 7.) A jury in the criminal court of Cook County determined both defendant's criminal liability and punishment, as required by law at the time of his trial in 1961. Ill. Rev. Stat. 1959, chap. 38, par. 360.

In this court, defendant charges that the appellate court erred in holding that the admission of certain confessions in violation of section 1 of division XIII of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 729) was harmless error, and that it improperly used its power to reduce sentence (Ill. Rev. Stat. 1965, chap. 38, par. 121—9(b)(4)) as a substitute for a fair jury trial.

The evidence is fully and accurately set forth in the appellate court opinion. We need, therefore, but briefly restate the facts relevant to disposition of the contentions here.

On March 22, 1961, after defendant's trial had commenced, the prosecutor informed the court that he had learned that morning of oral confessions made by defendant and his brother (who was also on trial) the day after their arrest in addition to written confessions that had been

allegedly given to defendants' counsel upon their arraignment. Defense counsel objected to the admission of the oral confessions for failure to comply with section I of division XIII of the Criminal Code, then in effect, requiring the State to furnish a defendant with, among other things, a list of witnesses to any confession, oral or written, at arraignment or at such later time before trial as the court, in its discretion, might direct. The trial court overruled the objections, announcing that counsel for both defendants on trial would have an opportunity to "talk to the defendants before we proceed". Later, the prosecutor informed the court that one of the officers had talked to the defense counsel regarding the oral confessions. Witnesses were then permitted, over repeated objections of defense counsel, to give testimony concerning the oral confessions wherein defendant's reason for killing the decedent was reported to be, "Well, he was lying in the bed and I told him to get moving and he didn't move fast enough and I shot him".

Later in the trial the State sought to introduce the written confessions wherein defendant said he shot the decedent because "He got up and grabbed the broom and started swinging at me." Since, and as the prosecution itself pointed out, these confessions also had not been furnished defendant as required by the above section, the trial court told defense counsel that if he objected the court would sustain the objection to their admission. Defense counsel, however, waived objection and the documents were admitted into evidence.

The balance of the State's evidence consisted of the testimony of the decedent's wife who, although not an eyewitness to the shooting, identified the defendant as the killer and a gun taken from the defendant upon his arrest which, on the basis of ballistics tests, was shown to be the murder weapon. Defense counsel did not cross-examine decedent's widow and defendant did not testify in his own

behalf. The jury, which was qualified for and was asked to return the death penalty, found defendant guilty, fixing the punishment at 199 years.

In the appellate court defendant maintained that the introduction of the written confession with reference to the aggressive conduct of the decedent (swinging a broom at defendant) was deliberately sought to overcome the far more prejudicial reasons for shooting the victim, contained in the oral confession (the victim's failure to move fast enough). It was argued that if the oral confession had not been admitted there would have been no reason for him to waive his valid objection to the written confession; hence, no confession would have been admitted into evidence. The appellate court found at p. 13 that:

"It is undisputed that the State failed to comply with the mandatory provisions of the statute with respect to both confessions (Ill. Rev. Stat. 1959, chap. 38, par. 729). Although this case does not portray a close facual situation, we believe *People* v. *O'Connell,* 30 Ill.2d 603, 198 N.E.2d 834 (1964), demonstrates that the trial court's denial of defendant's repeated objections to the oral confession was error. Consequently, we agree with defendant's assertion that there was no reason for him to waive his valid objection to his written confession if his oral confession was not admitted into evidence. Fundamental fairness supports this argument."

That court then concluded, however, that this error was harmless since, excluding the confessions, there was sufficient competent evidence to prove defendant guilty of murder beyond all reasonable doubt. (*People* v. *Pelkola,* 19 Ill.2d 156.) Consequently, it affirmed the conviction but reduced the 199-year penalty to 50 years in the penitentiary because it felt that defendant "had a right to have the jury fix his punishment unprejudiced by the incompetent confessions. (*People* v. *Jackson,* 9 Ill.2d 484, 489, 138 N.E.2d 528 (1956).)"

As we view it, the sole issue presented here is whether the admission of the confessions was harmless error.

In *People* v. *O'Connell,* 30 Ill.2d 603, we stated at p. 608:

"The legislative purpose behind section 1 of division XIII was to provide the accused with protection against surprise, unfairness and inadequate preparation by requiring the disclosure, prior to trial, of the specified information as to confessions and witnesses thereto. [Citations.] These provisions of the statute have been held to be mandatory and failure to comply therewith has been held to be reversible error. *People* v. *DuPree,* 26 Ill.2d 320; *People* v. *Shockey,* 30 Ill.2d 147." However, under certain circumstances, we have found violation of these provisions to be harmless error where there was sufficient competent evidence to prove guilt beyond a reasonable doubt. *People* v. *Pelkola.*

In our judgment, certain significant distinctions exist between the instant case and the cases, following the *Pelkola* ruling, holding contravention of section 1 of division XIII to be harmless error which make such holding improper here.

In *Pelkola,* the violation of section 1 consisted of the State's failure to furnish the defense with a complete list of the witnesses to the accused's confessions. In that case, the defense received timely notice of the oral confession and of the names of all the witnesses thereto except one. Since the defense knew of the confession and of all but one of the witnesses thereto well in advance of trial, we found, in view of the other overwhelming evidence of guilt, that the omission of the name of one witness, whose testimony was merely cumulative, did not prejudice defendant's cause.

Similarly, in *People* v. *DiGerlando,* 30 Ill.2d 544, we held the State's failure to give defense counsel notice of the existence of an oral confession at the time of arraignment, was not prejudicial error since notice and the list of wit-

nesses were furnished defendant seven months in advance of his trial, giving him substantial time to prepare his case.

In the present case, defense counsel was not informed or tendered a list of witnesses to the oral confession until after the trial had commenced and presumably had no knowledge of the existence of the confession until then. Hence, the State's dilatory tender worked a complete surprise on him, one that could have conceivably affected his trial strategy. For instance, defense counsel, knowing that defendant's written confession would be inadmissible for noncompliance with section 1, may very likely have prepared his defense without thought to attacking this confession on other grounds. When the oral confession, attributing the most inhumane of motives to defendant, was erroneously admitted into evidence, he was compelled to waive his valid objection to the admission of the written confession to offset, if possible, the prejudicial effects of the oral confession. We believe the unanticipated admission of these two confessions adversely affected the presentation of the defense, the very occurrence prohibited by the underlying policy of section 1. Moreover, we are not convinced that a mere mechanical subtraction of the confessions from the competent evidence in the case is an appropriate measure of the harm occasioned by their admission. For, while the matters of record reflect that defense counsel's efforts were to avoid the death penalty, the manner in which counsel would have presented the case if the confessions had been excluded (as he had a right to expect) cannot be surmised from the record.

In view of the gravity of the charge and the incalculable effects on the presentation of the defense caused by the failure to apprise defense counsel of the oral confession, as required by the mandate of section 1 of division XIII, we hold that the admission of that confession was reversible error, requiring a new trial. This holding, of course, moots

any consideration of the propriety of the appellate court's reduction of sentence.

The judgments of the Appellate Court, First District, and of the circuit court of Cook County are reversed and the cause remanded for new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.