THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TIMOTHY RAND, Defendant-Appellant.

(No. 73-312; ▮▮▮▮▮▮▮▮▮▮)

Second District (2nd Division)—June 30, 1975.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant appeals from a jury verdict finding him guilty of the burglary of a building occupied by Gossage, Inc. He was sentenced to serve a term of 2 to 6 years in the penitentiary.

Because of the results reached, we will address only one of the issues raised by the defendant, i.e., did the trial court err when it allowed witnesses to testify to alleged oral statements made by the defendant.

The burglary occurred on the night of November 16, 1971. Evidence revealed that initial entry was gained by knocking down a board that covered a window opening in the exterior wall of the building and, thereafter, a hole was knocked through the fiberboard wall of an inner office. There was $295 on the desk in that office; in the desk was a gun. Only the money was taken. On the morning after the burglary, a latent fingerprint was lifted from the interior wall of the inner office, next to the entry hole. Through the State's expert, it was established that a later comparison disclosed that defendant's thumbprint matched the latent fingerprint.

Prior to arrest, defendant was interrogated by Detective Lowe, in the presence of Detective Tanke. Subsequent to arrest and arraignment, the court, on May 17, 1972, ordered the State to deliver by May 30, any written statements made by the defendant or a list of witnesses present at the time of any oral statements, together with the substance of such oral statements. In response, the State filed pleadings which, in all, contained a list of 14 witnesses whom it expected to call to testify. Lowe and Tanke were on this list but were not designated as witnesses to any statements. The State's response also contained a notation, "Defendant Rand's statements to come."

On August 28, 1972, the State sent the defendant a four-page police report signed by Detectives Lowe and Tanke. The relevant portion stated:

"13.  Gossage Grill Villa Park
     Rand, Cookson, Lippman received a large amount of money. All arrested on the above. This was set up by Lenny Peterson employee."

At trial, on October 10, 1972, the State, in opening statements, informed the jury that Detective Lowe would testify that the defendant had admitted commission of the crime charged. In the case in chief,

Detective Lowe testified that, in the presence of Detective Tanke, defendant had told him. "* * * that the money was in envelopes on top of the desk and that he [defendant] had seen a gun there but * * * didn't take it." The defendant's objection on the grounds that the State failed to comply with the discovery order was overruled. The defendant took the stand. He denied having made the statement and denied ever having been in the building housing Gossage, Inc. The defendant's girlfriend testified that Detective Lowe told her on January 4, 1972, that the defendant was held in jail during Christmas because he would not give a statement.

In rebuttal, the State called Detective Tanke whose version of the defendant's alleged statement was as follows:

"He [defendant] stated * * * that it was—what they call an easy score; that when he had gone down into the office downstairs, the money was neatly stacked as if bills were going to be paid. There was a gun in the desk which he removed because he has a fear of guns * * *. He stated who it was committed with * * *. After the burglary was committed, they split the proceeds."

Defendant again objected on the grounds that the State failed to comply with the discovery order, but the objection was overruled. For impeachment purposes, the State then introduced defendant's previous conviction for burglary.

The defendant contends that the trial court erred in allowing witnesses to testify to the defendant's alleged "admissions of fact" when the State had failed to comply with a discovery order requiring notice as to the witnesses present at defendant's "oral confession." As authority, defendant cites section 114—20 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, § 114—10) and cases interpreting that section.

■■ We first ascertain if the statements attributed to the defendant amount to a confession. A confession is a voluntary acknowledgment of guilt. An admission is a statement made by the accused from which guilt may be inferred but from which guilt does not necessarily follow. *People v. Stanton*, 16 Ill.2d 459, 466 (1959); *People v. Saunders*, 132 Ill. App.2d 421, 427 (1971).

The essence of the crime of burglary is breaking and entering with the intent to commit a theft. The statements attributed to the defendant acknowledge the fact that he entered the office, committed the burglary in company of others with whom he split the proceeds. This was an admission of the ultimate fact that he was guilty of the crime charged and thereby constituted a confession. (See *People v. Sleezer*, 9 Ill.2d 57, 61 (1956).) This being the case, the requirements of section 114—10 of

the Code of Criminal Procedure apply. See *People v. Gunn*, 28 Ill.2d 421, 423 (1963).

■■ The relevant provisions of section 114—10 of the Code of Criminal Procedure read as follows:

"(a) * * * If the defendant has made an oral confession a list of the witnesses to its making shall be furnished. * * *

(c) No such confession shall be received in evidence which has not been furnished in compliance with subsection (a) of this Section * * *." Ill. Rev. Stat. 1971, ch. 38, § 114—10.

There can be no doubt that compliance with this section is mandatory. (*People v. O'Connell*, 30 Ill.2d 603, 609 (1964); *People v. Shockey*, 30 Ill.2d 147, 151 (1964); *People v. DuPree*, 26 Ill.2d 320, 324 (1962).) The legislature enacted this provision in order to afford the accused protection against surprise, unfairness and inadequate preparation. *People v. O'Connell*, 30 Ill.2d 603, 608 (1964).

The State takes the position that the above cases are inapplicable because it substantially complied with section 114—10 by disclosing the names of Detectives Lowe and Tanke in the general list of witnesses and by indicating that "Defendant Rand's statements [were] to come." The State asserts that this was "sufficient to apprise the defendant that the defendant ha[d] made statements and defendant could assume * * * that the statements existed and were either oral or written and further could assume that the statements were made to one or more of the witnesses included in the list of witnesses." It contends that the later delivery of the four-page police report, signed by Lowe and Tanke, is further evidence of substantial compliance with section 114—10 of the Code of Criminal Procedure.

■ It is not the purpose of the statute to require a defendant to make assumptions as to which of the witnesses on a general list (in this instance, 14 in number) were present at the time of any confession and we, therefore, find the State's argument unpersuasive. As earlier stated, compliance with the statute is mandatory, and it requires that prior to trial the State must identify to the defendant the witnesses to any oral confession. Here, it was not until opening statements that defendant learned that Lowe, on the list of witnesses, was one of those present at the time defendant made the oral statements wherein he admitted guilt. The State further asserts that disclosure at that time was sufficient compliance with the statute. We disagree. See *People v. O'Connell*, 30 Ill.2d 603, 609-10 (1964).

By its omission, the State violated not only the mandatory requirements of section 114—10 as applied to confessions, but also violated the trial court's order which was based upon Supreme Court Rule 412(a)(ii)

(Ill. Rev. Stat. 1971, ch. 110A, § 412(a)(ii)). The order required disclosure of a list of witnesses to any written or oral statements and also required that the substance of the oral statements be disclosed. The State maintains that the herein-quoted portion of the police report disclosed the substance of the defendant's oral statements. We find it unnecessary to discuss this point since a simple reading of both the report and the officers' testimony belies the argument.

Because of the State's failure to substantially comply with either section 114—10 or the order of the trial court, we hold that the alleged oral confession of the defendant should not have been introduced at trial. (Ill. Rev. Stat. 1971, ch. 38, § 114–10(c).) The trial court erred by allowing its admission.

■■ The State argues alternatively that if the statements were erroneously admitted, the error was harmless. To substantiate the State's alternate argument, we must find that the evidence of defendant's guilt was so overwhelming that the error of improperly admitting the confession was harmless. (*People v. Wilson,* 60 Ill.2d 235, 238 (1975).) Here, aside from the confession, defendant's fingerprint was the only evidence supporting his conviction. Absent an improperly admitted confession, fingerprints may be sufficient to sustain a conviction. (*People v. Taylor,* 32 Ill.2d 165, 168 (1965).) But a confession is highly convincing evidence which may easily influence a jury's finding. (*People v. DuPree.*) We conclude that, under the circumstances here, the evidence of guilt, established by a fingerprint, is not so overwhelming that it can offset a mandatory provision or render an improper admission of the confession harmless beyond a reasonable doubt. (See *People v. Wilson; People v. Mason,* 38 Ill.2d 411, 415-17 (1967); *People v. O'Connell; People v. Gunn.*) It is therefore necessary that the judgment of the trial court be reversed and this case remanded for a new trial.

Judgment reversed; cause remanded for a new trial.

DIXON, P. J., and GUILD, J., concur.