THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SCIPIO SHEGOG, Defendant-Appellant.

Third District    No. 74-343

Opinion filed April 23, 1976.

James Geis and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (James Hinterlong and Bernard Rivkin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Scipio Shegog appeals from a conviction of burglary in the Kankakee County Circuit Court. He was sentenced to a prison term of 3 to 9 years.

On appeal, defendant argues that the admission into evidence of testimony concerning an oral confession made by defendant to police officers was prejudicial error, since neither the existence nor the substance of the confession, nor the names of witnesses thereto, were revealed to the defense prior to trial.

From the record it appears that in the early morning hours of February 26, 1974, Clyde Jones and his common-law wife awoke to the noise of someone crawling around on the roof of their second story apartment which was located in a house in Kankakee. As Jones got up to investigate, he heard the sound of the bathroom window shattering and of someone

entering through the broken window. Through the partially opened bathroom door, and with the aid of a night light in the bathroom, he saw defendant standing there. Jones called to him to stay where he was while his wife phoned the police.

The officers arrived to find Shegog still in the bathroom, unarmed, where he peaceably surrendered to the officers. They found a ladder at the rear of the house reaching up to the roof, by the means of which defendant apparently gained access to the apartment. At the trial, the State called detective Richard Whitehead to the stand. The questioning immediately turned to Whitehead's interrogation of Shegog at the police station following Shegog's apprehension. Whitehead testified that after the officer acknowledged defendant's right to remain silent, defendant admitted breaking into the apartment. Defense counsel immediately objected on the ground that defense counsel had not been supplied with information that Shegog had made an oral confession, nor the substance thereof, nor was there a list of witnesses to the making of the confession. Defense counsel pointed to the discovery order previously issued in the case which directed the State to produce such evidence before trial, as prescribed in Supreme Court Discovery Rules (Ill. Rev. Stat. 1973, ch. 110A, §412(a)(ii)).

The Assistant State's Attorney responded that he had not known about the oral confession at the time the discovery was ordered. The court then determined that Whitehead's testimony could be admitted, subject, however, to a ruling on a spontaneous motion to suppress which the court allowed defendant to make. Officer Whitehead in testifying on the hearing on the motion to suppress stated that Shegog appeared aware of his rights and gave the statement freely and voluntarily although his eyes were watery and bloodshot. He said that defendant spoke coherently and clearly and seemed to understand the questions. Defendant took the stand and testified that he did not remember making any statements to the police. The court denied a motion to suppress and the trial reconvened. Officer Whitehead then testified that defendant had admitted breaking into the Jones apartment for the purpose of getting some money to buy some heroin to feed his $75-a-day habit.

Defendant took the stand in his own behalf and testified that he lived in St. Anne, 15 miles outside of Kankakee, and had gotten a ride into the city on the afternoon of February 25, 1974. He said he spent the evening in several taverns and that by midnight he considered himself intoxicated.

He stated that he had nowhere to spend the night and ended up at the house where Jones lived because an acquaintance of his had taken him there earlier to meet a couple of girls. (Jones testified that another female lived in his apartment in addition to his common-law wife.) Defendant claimed he knocked on the door and after he got no response, he went around to the back where he found the ladder reaching up to the roof. He

said he climbed up, got to the bathroom window, saw the light inside, and broke in after getting no response to his knocking. Defendant maintained that he sought only to get warm on what was a cold and snowy February night. The court found Shegog guilty of burglary and imposed the sentence referred to.

Defendant relies principally on the provisions of section 114—10 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, §114—10), which, in case there is an oral confession, requires that the State, on motion of the defendant, furnish a list of the witnesses to the making of the confession. Defendant also relies on the court-ordered discovery which required the State to make available the substance of any oral confession in addition to a list of witnesses to the making of such confession.

■■ The provisions of section 114—10 are mandatory, and the purpose is to provide defendant with protection against surprise, unfairness, and inadequate preparation as well as to afford the defense an opportunity to investigate the circumstances surrounding the alleged confession. (*People v. Johnson* (1970), 44 Ill. 2d 463, 471, 256 N.E.2d 343, *cert. denied*, 400 U. S. 958; *People v. Purify* (1969), 43 Ill. 2d 351, 356, 253 N.E.2d 437; *People v. O'Connell* (1964), 30 Ill. 2d 603, 608, 198 N.E.2d 834; *People v. DuPree* (1962), 26 Ill. 2d 320, 324, 186 N.E.2d 237.) The requirement of compliance with the statute is particularly important where a defendant claims he does not remember making any statement and his attorney thus could not know of any such statement through his client. Compliance with the statute is required where defendant demands production of confessions and witnesses either by a separate motion or as part of an omnibus discovery motion specifically requesting such information. Under Supreme Court Rule 412(a)(ii) (Ill. Rev. Stat. 1973, ch. 110A, §412(a)(ii)), compliance with such request is excused only where the "court is satisfied that the prosecutor was unaware of the existence of such confession prior to trial and that he could not have become aware of such in the exercise of due diligence." Ill. Rev. Stat. 1973, ch. 38, §114—10(c).

In the cause before us, the trial court was apparently convinced that the prosecutor was unaware of the existence of the oral confession prior to trial. While we would share that conclusion, it is clear that the omission could have been avoided by the exercise of due diligence. Officer Whitehead had testified that he filled out a short report on his interrogation of the defendant and turned it in to his superior officer, although he neglected to give a copy to the State's Attorney's office.

We conclude that it is the duty of the State to see that there is a proper flow of information between all the branches and personnel of its law enforcement agencies and its legal officers. (See Ill. Rev. Stat. 1973, ch. 110A, §412(f).) The omission of Officer Whitehead to make known the confession to the prosecutor must, therefore, be chargeable to the State.

Additionally, it is apparent that ordinary diligence by the State's Attorney should have made him aware of the confession. It is standard practice in basic trial advocacy for an attorney to talk to his witnesses at least once before trial, so as to eliminate surprise or embarrassing testimony from his own witnesses at the actual trial.

In view of the fact that Whitehead was on the list of witnesses and that his only testimony, other than regarding the confession, concerned a relatively unimportant picture he took of the scene of the crime, we conclude that the failure of the prosecutor to discover he would testify to the oral confession demonstrated a lack of due diligence. Under Supreme Court Rule 415(b) (Ill. Rev. Stat. 1973, ch. 110A, §415(b)), both the prosecutor and defense counsel have a continuing duty to disclose discoverable material if it comes to the attention of either after pretrial discovery has been completed. Thus, even if the prosecutor had found out about the confession only just before trial, he had a duty to disclose it to the defense.

Since we have determined that the admission of testimony regarding the confession, without any opportunity for the defense to investigate the circumstances before trial was error, we now give consideration as to whether the error requires reversal and a new trial. Defendant admitted breaking and entering into the Jones apartment, from the witness stand, so the only element of the burglary in dispute is that of intent. The statute provides that the illegal entry must be made with the intent to commit a felony. (Ill. Rev. Stat. 1973, ch. 38, §19—1.) The State contends that even without the confession testimony, which tended to show that the defendant had the intent to steal, there was sufficient circumstantial evidence to allow the court, as the trier of fact, to find the requisite intent. (See *People v. Johnson* (1963), 28 Ill. 2d 441, 443, 192 N.E.2d 864.) The contention of the State is that the evidence was so conclusive of guilt as to make the error in failing to disclose material relative to the oral confession harmless. *People v. Pelkola* (1960), 19 Ill. 2d 156, 162, 163, 166 N.E.2d 54.

Defendant, however, points out that there are many circumstances tending to support defendant's claim that he was just attempting to get warm, and that if defendant did not have the intent to steal or commit a felony, his actions, although criminal, would not constitute the crime of burglary for which he was convicted. Though defendant Shegog's story is improbable, it could be concluded that, in a state of intoxication, he sought shelter where he thought there were some girls who would be happy to see him.

■■ It is, therefore, apparent that the intent to steal demonstrated by the confession, to which Whitehead testified, was such an important factor in the conviction as to lead to the conclusion that the error in

admission of the testimony as to the confession tainted the conviction. While the trial court referred to the inference of intent from the circumstances, the court clearly placed much weight on Shegog's apparent admission of intent to steal as related by witness Whitehead.

As a consequence we find that the conviction should be reversed and the cause remanded for a new trial. We should observe that there can no longer be any claim of surprise by the defendant concerning the supposed confession, and that Whitehead's testimony would be admissible in a subsequent proceeding for such reasons. The defendant, however, is entitled to investigate, before a trial, the circumstances surrounding any alleged confession and for that reason we cannot permit the conviction to stand until he has had such opportunity.

The judgment of this cause is, therefore, reversed and the cause is remanded to the Circuit Court of Kankakee County for a new trial.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.