THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
STANLEY M. MYERS, Defendant-Appellee.

Fourth District    No. 14943

Opinion filed December 27, 1978.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and James G. Condon, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Malcolm Barnes, of Urbana, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

After being charged with unlawful possession of cannabis, in violation of sections 4 and 5 of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, pars. 704, 705), the defendant, Stanley Myers, filed a motion to suppress the evidence seized during a search of his car and a motion to suppress the statements made following the seizure of that evidence. At the conclusion of the suppression hearing, the trial court took the matter under advisement and in a subsequent written opinion it granted the defendant's motions. The State appeals, contending that the trial court's finding and decision was contrary to the manifest weight of the evidence and that the trial court relied upon unsound authority.

The testimony at the suppression hearing revealed that a State police officer was on routine patrol of Interstate 57, in Champaign County, when he observed a vehicle with only one operational headlight. The officer followed the vehicle for approximately one-half mile before turning on the warning lights and his spotlight. After turning on the lights, the officer noticed the driver bend over as if he were placing something under the seat. When the driver stopped the vehicle it was at a point where mercury vapor lights illuminated the highway and the interior of the automobile. The officer approached the vehicle, advised the driver of the headlight violation, and asked for his driver's license. After the driver produced his license, the officer asked him to step out of the vehicle, and, as he did so, the officer observed a brown paper grocery sack lying on the floorboard, partially beneath the driver's seat. While the driver was standing outside the car, the officer opened the sack and observed six clear bags containing a green vegetable-like substance which was subsequently determined to be cannabis. The officer testified at the hearing that he had no reason to suspect that the brown paper bag contained any illegal substance but that he seized it for his own safety to determine that it did not contain a weapon. The driver, defendant Myers, was then escorted to a squad car and given *Miranda* warnings after which he made an incriminating statement concerning the contents of the sack.

The trial court's excellent written opinion granting the motions to suppress noted that the record was devoid of any uncivil behavior on the defendant's part and that the defendant's only unusual movement was bending over as his automobile was coming to a stop. In addition, the trial court noted that the officer seized the bag in order to look for a weapon even though he was not afraid or in fear of his safety. The order concluded that there were insufficient suspicious circumstances or specific information known to the officer to justify a limited search and consequently the evidence seized was suppressed. With respect to the defendant's incriminating statement following his arrest, the trial court found that the interrogation was predicated upon an invalid search and seizure and thus the statement was tainted and inadmissible.

⊙1 In ruling on a motion to suppress, it is the trial court's province to determine the credibility of witnesses and the weight to be given their testimony, and its findings will not be disturbed upon review contrary to the manifest weight of the evidence. *People v. Wiggins* (1976), 45 Ill. App. 3d 85, 358 N.E.2d 1301.

The resolution of the instant case hinges on two of the Illinois appellate court decisions discussed in the trial court's memorandum opinion. In *People v. Watkins* (1974), 23 Ill. App. 3d 1054, 320 N.E.2d 59, police officers stopped an automobile at approximately 4 a.m. in Chicago

for improper use of bright lights. After the driver had left the vehicle to talk with one of the two officers, the other officer observed a passenger in the front seat reach or bend toward the floor of the auto. The officer ordered the passenger, later identified as Watkins, out of the car, and, as he was stepping out, the police officer noticed a small caliber derringer lying on the floor under Watkins' feet. Watkins was searched by the officer and the gun lying on the floor of the auto was seized as evidence. The defendant's motion to suppress this evidence was denied by the trial court, and the appellate court affirmed. The appellate court held that this search was proper on the basis of *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, since the suspicious movement caused the officer to fear for his own safety and that of the other officer.

In *People v. Collins* (1977), 53 Ill. App. 3d 253, 368 N.E.2d 1007, a police officer stopped the defendant for driving through a stop sign without stopping. The officer noted that he followed the defendant for approximately one block, then turned on the red light of his patrol car and followed him for another half a block. As the officer pulled up behind defendant's vehicle, he trained the spotlight on the rear window and noticed the defendant lean forward and to the right, reaching over the passenger seat. The officer walked to the driver's side of the defendant's car and asked the defendant to get out. When the defendant did so, the officer instructed him to walk to the rear of his car and stand there. The officer then walked to the open door of the defendant's car, looked inside, and saw an ordinary brown paper bag of medium size. After picking up the bag, the officer opened it and found three clear plastic bags containing cannabis. The defendant was thereafter arrested for possession of cannabis and he was also cited for failing to stop at the stop sign.

The trial court, in *Collins*, granted the defendant's motion to suppress, and the appellate court affirmed. The court found that there had to be additional suspicious circumstances or other specific information which the officer knew in order to ascribe a guilty significance to the act of bending over. In *Collins*, the court noted that the defendant made no attempt to evade the officer, that there was nothing sinister in the chain of events leading up to the officer's search of the car, and that, on the basis of the record presented, defendant's car was searched only because he bent over. The court concluded that if such conduct constituted probable cause, then almost every motorist stopped for a violation of traffic laws would be subject to having his person and automobile searched by an arresting officer.

Since the facts in this case are similar to those in *Collins*, and unlike those in *Watkins*, we conclude that the trial court was correct in applying the *Collins'* rationale. In this case, as in *Collins*, the defendant did not

attempt to evade the officer and there was nothing suspicious or sinister in the chain of events leading up to the officer's search of the car to indicate that the officer feared for his safety. Moreover, the fact that the defendant was not searched either before or after the bag was seized verifies the officer's testimony that he was not in fear of his safety and clearly distinguishes this case from *Watkins*.

■■ It is evident from the facts of this case that the officer's search for weapons was based solely on the fact that the defendant bent over prior to being stopped and that such search was not predicated upon the officer's fear for his safety. Consequently, we agree with the trial court and affirm its order suppressing the evidence since there were insufficient suspicious circumstances or specific information known to the officer to justify a limited search. We reject the State's argument that *Collins* is based on unsound reasoning since the Collins decision draws its authority from the Supreme Court case of *Sibron v. New York* (1968), 392 U.S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889.

We also agree with the trial court that the interrogation of the defendant following his arrest was predicated upon an invalid search and seizure, and that any statements obtained as a result of that interrogation were tainted and inadmissible. Thus, the trial court's suppression of those statements was correct.

In summary, we conclude that the trial court's findings were not against the manifest weight of the evidence and that its decision was not based on unsound authority. Accordingly, the order of the circuit court of Champaign County suppressing the evidence and the statements is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.